IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBYN LEONARD,

    Plaintiff,

v.

CITIGROUP GLOBAL MARKETS,

    Defendant.

No. C 05-02181 CRB

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

This common law fraud action arises out of misrepresentations that defendant allegedly made to plaintiff while negotiating plaintiff's employment with defendant. Defendant moves to compel arbitration of plaintiff's claims and to stay this action. After carefully considering the papers and evidence filed by the parties, and having had the benefit of oral argument, the Court GRANTS defendant's motion to compel.

First, plaintiff agreed to arbitrate all claims arising out of her employment as a condition of her employment.

Second, the arbitration agreement is enforceable. The Employment Dispute Arbitration Policy applies to plaintiff and defendant. See McManus v. CIBC World Markets Corp., 109 Cal.App.4th 76, 100 (2003) (holding that the words "All disputes arising out of your employment or the termination of your employment . . . will be submitted and resolved exclusively [by arbitration]" was bilateral). Moreover, in California an employer's

reservation of the right to unilaterally modify an arbitration agreement does not render the agreement unconscionable, illusory, or lacking in mutuality of obligation. See <u>Martinez v. Scott Specialty Gases, Inc.</u>, 83 Cal.App.4th 1236, 1246 (2000), and with respect to remedies, defendant concedes that under California law the arbitrator may award plaintiff punitive damages on her fraud claims.

The Court does find that the limitation on the powers of the arbitrator in paragraph 20 --"Furthermore, the arbitrator shall be bound by applicable Company policies and procedures and shall not have the authority to alter or otherwise modify the parties at will relationship or substitute his or her judgment for the lawful business judgment of Company management"-- is unconscionable. Although plaintiff raised this provision in her opposition, defendant did not address it in its reply, and the explanation proffered by defendant at oral argument is unpersuasive as it is belied by the provision's language. The Court nonetheless finds that this provision is collateral to the main purpose of the contract, and therefore in its discretion severs this sentence from the arbitration agreement. See Cal. Civ. Code § 1670.5(a); <u>Armendariz v. Foundation Health Psycare Services, Inc.</u>, 24 Cal.4th 83, 122 (2000); <u>Mercuro v. Superior Court</u>, 96 Cal.App.4th 167, 184 (2002) ("When a court finds a contract unconscionable or illegal it has several options. It may refuse to enforce the contract; it may sever the offending clause; or it may limit the application of the offending clause so as to avoid the unconscionable or illegal result.").

Accordingly, defendant's motion to compel is GRANTED and this case is STAYED pending completion of arbitration. In the meantime, the action will be administratively closed, and may be reopened upon motion of either party.

**IT IS SO ORDERED.**

Dated: November 21, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2181\orderrecompel.wpd                    2